1  James A. McQueen (State Bar #117111)
   jmcqueen@mcqueenashman.com
2  Sharon L. Bilbeisi (State Bar # 171994)
   sbilbeisi@mcqueenashman.com
3  McQUEEN & ASHMAN LLP
   19900 MacArthur Blvd., Suite 1150
4  Irvine, California 92612
   Telephone:  (949) 223-9601
5  Facsimile:   (949) 223-9611
6  Attorneys for Plaintiff
7
8              **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
10  SPORTING SUPPLIES
    INTERNATIONAL, INC., a          Case No.   **SACV10-1338 AG(RNBx)**
11  California corporation,
                                     **COMPLAINT FOR:**
12
            Plaintiff,               **(1)   TRADEMARK INFRINGEMENT;**
13
    vs.                              **(2)   COPYRIGHT INFRINGMENT;**
14
    TULAMMO USA, INC., a Texas       **(3)   VIOLATION OF THE UNIFORM**
15  corporation, CHARLES GRASSO,            **TRADE SECRETS ACT;**
    an individual, TULA
16  CARTRIDGE WORKS, an open         **(4)   UNFAIR COMPETITION;**
    joint-stock company,
17  ULYANOVSK CARTRIDGE              **(5)   INTENTIONAL**
    WORKS, an open joint-stock             **INTERFERENCE WITH**
18  company, EUROSPORTS, LLC, a            **PROSPECTIVE ECONOMIC**
    limited liability company, and         **ADVANTAGE;**
19  DOES 1 to 10, inclusive,
                                     **(6)   NEGLIGENT INTERFERENCE**
20          Defendants.                    **WITH PROSPECTIVE**
                                           **ECONOMIC ADVANTAGE;**
21
                                     **(7)   DEFAMATION; and**
22
                                     **(8)   CIVIL CONSPIRACY**
23
                                     **DEMAND FOR JURY TRIAL**
24
25        This Court has original subject matter jurisdiction over all claims pursuant to
26  28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over
27  Plaintiff's claims arising under state law under 28 U.S.C. § 1367.  Plaintiff Sporting
28  Supplies International, Inc. ("Plaintiff" or "SSI") alleges, on personal knowledge as

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

                                     1

to itself and on information and belief as to others, as follows:

## NATURE OF ACTION

1.      This is a civil action for damages and for injunctive relief against Defendants for Defendants' infringement of registered trademarks owned by Plaintiff, copyright infringement, violation of the Uniform Trade Secrets Act, unfair competition, interference with economic advantage, defamation and civil conspiracy, all in connection with the offer, sale, distribution and advertising of firearm ammunition and related products.

2.      Defendants operate businesses which manufacture, advertise and distribute ammunition utilizing reproductions, counterfeits, copies or imitations of Plaintiff's registered marks, and its artwork, logo and packaging designs.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), § 1338(a) (any act of Congress relating to trademarks or copyright), and § 1338(b) (unfair competition joined with related claim under the trademark laws), and under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d).  This Court has personal jurisdiction over Defendants because, *inter alia*, (1) each of the Defendants or their respective agents are doing business in this district, and (2) Plaintiff is informed and believes that a substantial part of the wrongful acts alleged herein have occurred in interstate commerce, in the State of California, and in the Central District of California.

## THE PARTIES

5.      Plaintiff Sporting Supplies International, Inc. ("SSI") is a California corporation with its principal office in Orange County, California.

6.      Defendant Tulammo USA, Inc. ("Tulammo") is, on information and belief, a Texas corporation with its principal place of business in Round Rock,

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Texas.

7.      Defendant Charles Grasso ("Grasso") is an individual who, on information and belief, is the President of Defendant Tulammo and resides in Kansas.

8.      Defendant Tula Cartridge Works ("Tula") is, on information and belief, an open joint-stock company with its principal place of business in Tula, Russia.

9.      Defendant Ulyanovsk Cartridge Works ("Uly") is, on information and belief, an open joint-stock company with its principal place of business in Ulyanovsk, Russia.

10.      Defendant Eurosports, LLC ("Eurosports") is, on information and belief, a limited liability company with its principal place of business in Round Rock, Texas, which also does business under the name "Eurosport."

11.      SSI lacks the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

12.      SSI is informed and believes that each of the defendants designated herein as a Doe is responsible in some manner for the events and happenings herein alleged, as well as for the damages alleged. (Hereinafter, the named Defendants and the Doe defendants are collectively referred to as "Defendants.")

13.      SSI is informed and believes that each of the Defendants was the agent or employee of each of the remaining Defendants and, at all relevant times herein, acted within the course and scope of such agency and/or employment.

## BACKGROUND FACTS

### Pre-2009 Activities

14.      SSI was formed in 1996 and sells (under the WOLF brand name) rifle and handgun ammunition manufactured in Russia throughout the United States to sportsmen, governmental entities and other consumers. Over the years, SSI became

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

3

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

1 established as a major supplier to widely known specialty retailers and distributors
2 of such ammunition, as well as various government agencies.

3     15.     From its inception, SSI sought to develop brand name recognition of
4 its products by utilizing the name "WOLF," usually associated with an artistic
5 rendering of a wolf, on its products and in its advertising. In or about 1996, SSI
6 registered the primary Wolf trademark, including the words "WOLF Performance
7 Ammunition" next to a picture of a wolf. SSI has registered other marks, and also
8 created distinctive packaging for its products, consisting of a black box featuring a
9 wolf's head pictured on a gray background, with red, yellow and white lettering.
10 SSI also registered the Wolf trademarks under the auspices of the European
11 Common Market as of February 13, 2001, and in various other countries.

12     16.     From the beginning, Tula was the primary Russian supplier of goods to
13 SSI, and eventually Tula brought in Uly as an additional supplier. Accordingly, SSI
14 came to repose trust and confidence in Tula and Uly, and their personnel, disclosing
15 to them (in confidence) proprietary information regarding SSI's business practices
16 in order to facilitate and improve the value of their relationship. Over the years, the
17 contractual relationship between SSI and its suppliers in Russia evolved into annual
18 import contracts, each covering tens of millions of dollars worth of ammunition.
19 Since approximately 2000, each of those contracts has provided that the Wolf brand
20 name, logo, and associated phrases used to specify particular products (collectively
21 called the "Wolf marks") are the exclusive property of SSI, which shall not be used,
22 sold or given away by Tula or Uly without SSI's express written consent.

23     17.     SSI has also contributed marketing research and development to the
24 product development process of its Russian suppliers. The ammo sold under the
25 Wolf marks is steel cased, which offers a low price point and represents a
26 substantial portion of the US market for ammunition.

27     18.     On July 2, 2004, Tula used its Russian name, Tulsky Patronny Zavod
28 ("Tulsky"), to register one or more of the Wolf marks in Russia. SSI was unaware

McQueen & Ashman LLP
10900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

4

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

of this registration until sometime in 2009, when Tulsky attempted to register the Wolf marks in countries where SSI had already registered its trademarks.

### Events from 2009 to the Present

19.    Commencing April 1, 2009, new contracts between SSI and each of its Russian suppliers went into effect. In addition to restricting use of the Wolf marks, the contracts provide estimated quantities of various types of ammo to be shipped during the term of the contract. On or about October 23, 2009, the term of the contracts was extended to December 31, 2010.

20.    SSI alleges on information and belief that, at some time during 2009, Tula/Tulsky took steps pursuant to the Madrid Treaty to register the Wolf marks worldwide, based on its Russian registration. On July 10, 2009, Tula/Tulsky filed an application with the U.S. Patent and Trademark Office ("USPTO") to register an imitation of the primary WOLF trademark. SSI is informed and believes that this application has been tentatively rejected by the USPTO because of SSI's prior registrations in the United States. SSI is further informed and believes that Tulsky has attempted to register a "Tulammo" mark with USPTO which imitates the color and style of the primary Wolf trademark registered by SSI.

21.    Beginning in 2009 and continuing through 2010, SSI experienced problems receiving adequate quantities of pistol ammunition and other popular products from Tula and Uly; the quantities of these items shipped to SSI were significantly below the estimated amounts provided by the 2009 contracts.

22.    On or about July 13, 2009, Keith Cox of Moons Imports (a competitor of SSI) announced that it was "the new distributor" of Tula and Uly products in America. On December 22, 2009, defendant Grasso announced that he and the owners of Tula and Uly had formed an American business (Tulammo) to compete against SSI and the Wolf product line in 2010, and to replace it completely starting January 1, 2011. On March 4, 2010, Grasso further announced that Tulammo had purchased the majority of Tula and Uly inventory in the U.S. which was not in the

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

1  possession of SSI in order to eliminate competing products, and that Tulammo
2  and/or defendant Eurosports would be selling that inventory at reduced prices.  SSI
3  alleges on information and belief that some of this purchased inventory consisted of
4  ammo manufactured with the Wolf marks, ordered by SSI, and intended for delivery
5  to SSI.

6      23.    On April 5, 2010, SSI wrote to Alexey Solovov, Chairman of Tula and
7  Uly, complaining about the lack of adequate pistol ammo, seeking an explanation,
8  and requesting shipping dates.  Solovov responded two days later that Tula and Uly
9  were having "some difficulties in producing pistol cartridges."  SSI then inquired
10  why it had not been previously notified of the difficulties, why pistol ammo ordered
11  by SSI had been shipped to a competing U.S. importer, and when the shipment of
12  certain items could be expected.  Information regarding future shipments was
13  provided over the next few days, but no response was ever made regarding the lack
14  of notice and diversion of SSI-ordered goods to a competing company.

15      24.    On April 15, 2010, Uly complained that SSI's payment on an earlier
16  shipment was one day late, beginning a series of communications from Tula and
17  Uly about late payments, and responses from SSI noting that inadequate quantities
18  of fast moving goods were being delivered and protesting a lack of future shipping
19  schedules.  Communication from Tula and Uly deteriorated thereafter, marked by
20  increasingly strident demands for payment and threats of suspended shipments from
21  the Russian suppliers.

22      25.    SSI alleges on information and belief that Defendants, and each of
23  them, have agreed among themselves to act, and have acted, in concert for the
24  purpose of unfairly injuring, usurping and appropriating to themselves Plaintiff's
25  business and the Wolf marks in one or more of the following ways:

26          a.    Withholding, delaying or diverting shipments of high demand
27              ammo products ordered by SSI;

28          b.    Appropriating SSI's customer information and confidential

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

information regarding SSI's pricing and inventory in order to compete with Plaintiff;

c.  Interfering with SSI's relationships with existing and potential customers;

d.  Asserting ownership of the Wolf marks without SSI's consent, in violation of the Russian suppliers' contractual duties and infringing on SSI's rights under established trademark law;

e.  Blocking efforts by SSI to procure alternative or additional sources of WOLF brand products from other Russian ammo manufacturers;

f.  Disseminating advertising, literature and/or products in the United States which infringe Plaintiff's copyrighted artwork;

g.  Offering, distributing and/or selling ammo products inside and outside of the U.S. which infringe the registered Wolf marks and imitate the trade dress of the WOLF brand;

h.  Flooding the U.S. market supplied by SSI with low priced inventory that has been withheld or diverted from SSI; and

i.  Defaming the reputation of SSI by publicly disseminating false claims that SSI has insufficient supply lines, is going out of business and had stolen the Wolf brand name or marks from the Russian suppliers.

26.  As a result of the actions described above, SSI has lost and is at risk of losing further substantial business.  The harm to Plaintiff's business cannot be adequately redressed by damages, since SSI's business reputation and the continuing value of the WOLF brand are jeopardized by Defendants' acts.  Further, the injury to SSI's reputation will continue to accrue unless and until Defendants are enjoined from using and infringing the Wolf marks, infringing SSI's copyrighted work,  interfering with SSI's business relationships, and falsely disparaging SSI's

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

7

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

1    reputation.

## CLAIMS FOR RELIEF

### FIRST CLAIM

**(Trademark Infringement Against All Defendants)**

27.    Plaintiff incorporates herein by this reference each allegation of the preceding paragraphs of this complaint.

28.    SSI is the owner of registered trademarks associated with the WOLF brand of ammunition products, which it imports, distributes, sells and advertises throughout the United States.  Currently, the United States Patent and Trademark Office ("USPTO") lists the following registration numbers as active, registered trademarks belonging to SSI which refer to the WOLF brand name:  2217422, 2230639, 2371257, and 2959234.

29.    Defendants have no license or other right to use the WOLF brand name and associated trademarks.

30.    On information and belief, Defendants have willfully and knowingly offered, sold, distributed and/or advertised ammunition products using reproductions, counterfeits, copies or imitations of the Plaintiff's registered marks without justification or authority, and they continue to do so.  Defendants' use of the Wolf marks does cause, or is likely to cause, confusion and deception among the purchasers of those goods.

31.    As a direct result of Defendants' acts alleged herein, Defendants have been unjustly enriched by profits from their sale of infringing goods.  Defendants should be ordered to account for those profits and pay them over to SSI.

32.    In the alternative, because Defendants' use of the marks was willful within the meaning of the Lanham Act, statutory penalties should be assessed for each counterfeit mark used, for each type of goods, offered, sold, distributed and/or advertised by Defendants.

33.    In addition, SSI is entitled to damages, including but not limited to a

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

8

1  monetary award for lost sales and advertising needed to correct public

2  misconceptions caused by Defendants' infringement, together with attorney's fees

3  and costs as allowed by law.

4      34.    SSI is further entitled to injunctive relief restraining Defendants, their

5  agents, servants, and employees, and all persons acting under, in concert with, or for

6  them, from using the "WOLF" marks or brand name in connection with the offer,

7  sale, distribution and/or advertising of ammunition products and related equipment.

8  SSI also requests other appropriate equitable relief, such as destruction of the

9  infringing articles manufactured by Defendants and all labels, packaging, literature,

10  and advertising bearing the "WOLF" marks or brand name, together with any

11  further orders and relief from this Court reasonably necessary to deter Defendants'

12  unlawful conduct in the future.

13  <div align="center">**SECOND CLAIM**</div>

14  <div align="center">**(Copyright Infringement Against All Defendants)**</div>

15      35.    Plaintiff incorporates herein by this reference each allegation of the

16  preceding paragraphs of this complaint.

17      36.    SSI is the owner of original artwork and logo designs associated with

18  the WOLF brand, and is the owner of a registered copyright which incorporate

19  constituent parts of the original works.  The copyright was registered on August 16,

20  2010, and assigned registration No. VA 1-729-314.

21      37.    Defendants have no license or other right to use any original elements

22  of the artwork copyrighted by SSI.

23      38.    Defendants have willfully and knowingly infringed Plaintiff's

24  copyrighted work by reproducing, imitating, publishing, and/or distributing copies

25  of the copyrighted work and/or preparing unauthorized derivative works which

26  Defendants claim that they own.

27      39.    As a direct and proximate result of Defendants' infringement,

28  Defendants have been unjustly enriched by profits from their sale of goods which

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

1  they have promoted by infringement of Plaintiff's copyrighted work. Defendants

2  should therefore be ordered to account for such profits and pay them over to SSI.

3       40.    In addition, SSI is entitled to damages, including but not limited to lost

4  sales caused by Defendants' infringement.

5       41.    SSI is further entitled to injunctive relief restraining Defendants, their

6  agents, servants, and employees, and all persons acting under, in concert with, or for

7  them, from using Plaintiff's copyrighted work in any manner not authorized by SSI.

8  Plaintiff also requests other appropriate equitable relief, such as destruction of the

9  infringing articles manufactured by Defendants and all labels, packaging, literature,

10  and advertising which infringes upon or is derived from SSI's copyrighted work,

11  together with any further orders and relief from this Court reasonably necessary to

12  deter Defendants' unlawful conduct in the future.

13  <center>**THIRD CLAIM**</center>

14  <center>**(Violation of Uniform Trade Secrets Act Against All Defendants)**</center>

15       42.    Plaintiff incorporates herein by this reference each allegation of the

16  preceding paragraphs of this complaint.

17       43.    In the course of building its business, SSI has invested its time, effort

18  and resources to develop proprietary business practices and to compile business

19  information (collectively referred to as "trade secrets"), including but not limited to

20  customer lists, pricing policies, marketing data, supply and distribution networks,

21  all of which have independent commercial value derived from the fact that they are

22  not generally known or readily ascertainable by others. Any actual or prospective

23  competitor of Plaintiff would be required to invest a comparable amount of time,

24  effort and resources in order to develop equivalent know-how and information so as

25  to derive the benefits accruing to SSI from the trade secrets it has developed.

26       44.    Over the course of their association with Plaintiff, Defendants Tula and

27  Uly acquired knowledge of the names and addresses of SSI's customers, as well as

28  some information regarding product requirements, preferences, buying habits, and

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

10

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

1   SSI's confidential business practices in meeting its customers' needs and desires.

2   Tula and Uly also had access to SSI's confidential records indicating the prices,

3   terms, conditions, quantities and practices related to each of Plaintiff's customers.

4   Tula and Uly acquired this confidential information in the course of, and solely as a

5   result of, their relationship with SSI.  This information was made available to Tula

6   and Uly solely for the purpose of facilitating, and improving the value of, their

7   business relationship with SSI.

8       45.    Disclosure of the confidential information described herein was

9   conditioned, expressly or impliedly, on the agreement of Defendants Tula and Uly

10  to keep that information confidential, to refrain from using the information for their

11  own commercial advantage, and to refrain from disclosing it to others except as

12  required to further the interests of SSI.  This information was not available or

13  disclosed to others by Plaintiff, which took reasonable measures to keep such

14  information from others and to maintain its secrecy by, among other acts, restricting

15  access to such information only to those who needed such information in order to

16  further SSI's business interests.

17      46.    On information and belief, beginning in 2009, or earlier, Defendants

18  Tula and Uly developed and/or participated in a scheme to usurp SSI's established

19  business as a major supplier of ammunition and related products in the United

20  States, and to take over its market share, by misappropriating Plaintiff's trade

21  secrets and confidential information in various ways, including but not limited to:

22      a.    Using for their own commercial advantage the confidential

23      information acquired from Plaintiff, in breach of their obligation

24      to maintain the secrecy of such information;

25      b.    Disclosing to others, including but not limited to other

26      Defendants, the confidential information acquired from Plaintiff,

27      in breach of their obligation to maintain the secrecy of such

28      information;

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

11

      c.    Acquiring other confidential information and trade secrets belonging to SSI by covertly obtaining directly from SSI's customers confidential information regarding their particular buying habits, preferences, actual and desired product inventory levels, customary terms, conditions and pricing under existing contracts between the customer and SSI, all without Plaintiff's awareness or consent and for the purpose of unfairly competing with Plaintiff.

47.    On information and belief, beginning in 2009, or earlier, Defendants Tulammo, Grasso, and DOES 1 to 10, inclusive, acquired confidential trade secret information belonging to Plaintiff and used that information for their own benefit, or disclosed that information to others, without SSI's consent, at a time when those Defendants knew or had reason know that their knowledge of such trade secret information was:

      a.    Derived from or through a person who had utilized improper means to acquire it;

      b.    Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

      c.    Derived from or through a person who owed a duty to SSI to maintain its secrecy or limit its use.

48.    Plaintiff was unaware of any facts leading them to discover the acts of Defendants alleged herein until in or about December 2009, when the formation of Defendant Tulammo was publicly announced.

49.    As a direct and proximate result of Defendants' acts, Defendants have been unjustly enriched by profits from their misappropriation of Plaintiff's trade secrets. Defendants should be therefore be ordered to account for such profits and pay them over to SSI.

50.    In addition, SSI has lost and will continue to lose orders from

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

customers that it would otherwise have obtained, and Plaintiff's unique and valuable relationships with its customers have been disrupted, all to Plaintiff's damage in an amount subject to proof.

51.     Alternatively, SSI is entitled to a reasonable royalty for Defendants' misappropriation for the entire period of Defendants' wrongful use.

52.     Defendants, in doing the things herein alleged, have acted willfully and with malice, and are therefore liable for exemplary damages as provided by law in the sum of twice the amount of compensatory damages proved at trial, together with reasonable attorney's fees and costs, including expert witness fees, as provided by statute.

53.     SSI is further entitled to injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from using Plaintiff's trade secrets, and from disclosing them to the public or any other persons.  SSI also requests any other appropriate equitable relief, including the imposition of affirmative duties on Defendants, which are reasonably necessary to protect Plaintiff's trade secrets, now or in the future.

## FOURTH CLAIM

### (Unfair Competition Against All Defendants)

54.     Plaintiff incorporates herein by this reference each allegation of the preceding paragraphs of this complaint.

55.     Defendants' conduct amounts to an unlawful, unfair, and/or fraudulent business practice in violation of the laws of California, including, but not limited to:

a.     Misappropriation of trade secrets by covertly obtaining and using Plaintiff's confidential customer data and information regarding pricing and inventory levels in order to compete with Plaintiff, all with the knowledge that such information was a trade secret, without SSI's awareness or consent and while Defendants were under a duty to maintain the secrecy or limit

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

13

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

the use of such information;

   b.   Trade name infringement by using the WOLF brand name after it had become exclusively identified with SSI's ammunition products following continuous commercial use of that brand name for over ten years throughout the U.S., and offering, selling, distributing and/or advertising ammo products using the same or confusingly similar names, marks and trade dress as the WOLF brand in a way likely to cause public confusion;

   c.   Palming off of counterfeit goods by imitating the name, marks and trade dress of Plaintiff's goods, intending to compete with SSI by deceiving the public; and

   d.   False advertising by the use of false or misleading statements which Defendants knew, or should have known, were untrue and/or misleading.

56.   The acts of Defendants alleged herein were done in the course of business, and for a business purpose.  As a proximate result of these unlawful, unfair, and/or fraudulent business practices, the public has been and continues to be deceived.  SSI is entitled to injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair business practices alleged herein, or any other business practice which unfairly harms Plaintiff, or which is likely to confuse or deceive the public.

57.   As a further direct and proximate result of the unfair practices alleged herein, Plaintiff has suffered economic damages, which continue to accrue by the continuance of such wrongful conduct, and SSI is therefore entitled to an award of compensatory damages for Defendants' misappropriation of trade secrets, trade name infringement and palming off, according to proof.

58.   Defendants have also been unjustly enriched by profits derived from

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

14

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

sales attributable to misappropriation by Defendants of SSI's trade secrets, infringement of the WOLF brand name, and/or palming off of counterfeit products; Defendants should be ordered to account for such profits and pay them over to Plaintiff.

59.     The aforementioned conduct of Defendants was oppressive, fraudulent, malicious, and done in conscious disregard of the rights of SSI, entitling Plaintiff to an award of exemplary and punitive damages, including statutory penalties for willful and malicious misappropriation of SSI's trade secrets.

60.     Plaintiff is further entitled to attorney's fees and costs as provided by law for Defendants' willful and malicious appropriation of trade secrets.

## FIFTH CLAIM

## (Intentional Interference With Economic Advantage Against All Defendants)

61.     Plaintiff incorporates herein by this reference each allegation of the preceding paragraphs of this complaint.

62.     Over the course of years since its formation, SSI has built up valuable business relationships with its existing customers, and established a solid reputation in the industry which has created valuable opportunities for new business with prospective customers.  These relationships create both new and ongoing business advantages to SSI in its ability to attract new customers and retain repeat business from its existing customers.

63.     Defendants have interfered with and disrupted Plaintiff's relationships with existing and prospective customers, and are engaged in systematic, intentional efforts to divert the business of such customers to themselves, and specifically to defendant Tulammo, which have injured SSI's business.

64.     In furtherance of their intent to disrupt and divert SSI's business, SSI alleges on information and belief that Defendants have engaged in unlawful or wrongful conduct including, but not limited to:

a.     Covertly obtaining and using Plaintiff's confidential customer

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

15

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

1    data and information regarding pricing and inventory levels in

2    order to compete with Plaintiff, without SSI's awareness or

3    consent;

4    b.    Using confidential information concerning SSI's customers and

5    business practices in order to compete with Plaintiff, while

6    Defendants were under a duty to maintain the secrecy or limit

7    the use of such information;

8    c.    Using the WOLF brand name, logo, trade dress, and associated

9    trade marks, or using confusingly similar names, marks and

10    trade dress, to market their own goods in competition with SSI;

11    d.    Representing to Cabela's, an established customer of SSI, that

12    SSI had enough inventory to supply Cabela's with a particular

13    product known as TINS, when Defendants had not shipped the

14    TINS stock ordered by SSI, leaving SSI with insufficient TINS

15    inventory, and thereafter attempting to establish a direct

16    customer relationship with Cabela's by shipping TINS stamped

17    with the WOLF name, but with a different product name on the

18    retail packaging, directly to Cabela's;

19    e.    Directly soliciting business for Tulammo from a governmental

20    agency when SSI had advised Defendants, in confidence, that

21    the agency was its customer;

22    f.    Defaming Plaintiff by falsely claiming that SSI had stolen the

23    WOLF name, logo and/or marks, that SSI has insufficient supply

24    lines, that SSI is going out of business, and that SSI engaged in

25    dishonest business practices; and

26    g.    Using the WOLF registration they wrongfully obtained in Russia

27    to prevent any other Russian or Ukrainian ammunition

28    manufacturers from supplying goods to SSI, including the

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

16

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

blocking of Russian export permits and threatening other manufacturers if they agreed to supply SSI.

65.     As a proximate result of the acts of Defendants alleged herein, SSI's business relationships have been, and continue to be, disrupted.  Plaintiff is entitled to injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the practices alleged herein, or any other business practice which interferes with or harms Plaintiff's economic advantage.

66.     The acts of Defendants alleged herein have caused disruption of SSI's existing and prospective business relationships, lost profits, and damaged Plaintiff's business reputation, all in an amount subject to proof at trial.  Further, Defendants should disgorge any profits they have realized from their wrongful acts.

67.     The aforementioned conduct of Defendants was oppressive, fraudulent, malicious, and done in conscious disregard of the rights of SSI, entitling Plaintiff to an award of exemplary and punitive damages.

## SIXTH CLAIM

### (Negligent Interference With Economic Advantage Against All Defendants)

68.     Plaintiff incorporates herein by this reference each allegation of the preceding paragraphs of this complaint.

69.     Because of the special relationship created by the long term contractual relationship with Plaintiff, and because the disruption of SSI's business was a foreseeable result of Defendants' activities alleged in paragraph 64 hereof, Defendants had a duty of care to avoid injuring Plaintiff, but Defendants breached their duty of care to SSI by negligently engaging in those acts.

70.     The acts of Defendants alleged herein have caused disruption of SSI's existing and prospective business relationships, lost profits, and damaged Plaintiff's business reputation, all in an amount subject to proof at trial.  Further, Defendants should disgorge any profits they have realized from their wrongful acts.

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

17

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

71.  As a proximate result of the acts of Defendants alleged herein, SSI's business relationships have been, and continue to be, disrupted.  Plaintiff is entitled to injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the practices alleged herein, or any other business practice which interferes with or harms Plaintiff's economic advantage.

## SEVENTH CLAIM

### (Defamation Against All Defendants)

72.  Plaintiff incorporates herein by this reference each allegation of the preceding paragraphs of this complaint.

73.  Plaintiff alleges on information and belief that, at various times in 2010, one or more of the Defendants, including Grasso, defamed Plaintiff by publishing (orally and/or in writing) false, derogatory statements about SSI, including but not limited to the following:

     a.    That SSI engaged in dishonest and/or incompetent business practices;

     b.    That SSI had insufficient inventory and was unable to obtain product to meet customer needs;

     c.    That SSI was going out of business; and

     d.    That the WOLF brand name and trademark rights had been stolen by SSI from Tula and/or Uly and that SSI has no right to use the WOLF name and mark.

74.  Plaintiff does not currently know the identity and capacity of each person who spoke or wrote each false statement, or how many times and in what manner each statement was published.  However, SSI is informed and believes that these statements were made to potential and existing customers and, at the time they were made, Defendants intended, knew, and/or should have known that the statements would be repeated among persons who were actual or potential

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

18

1  customers, business associates, and industry colleagues, so that the false statements

2  would in all likelihood be spread widely among interested persons, as in fact they

3  were, and would have the effect of damaging Plaintiff's business.

4       75.   SSI further alleges on information and belief that at the time these

5  statements were made, Defendants knew that they were false, did not believe them

6  to be true, and/or had no reasonable basis for believing them to be true, and made

7  the statements for the purpose of injuring SSI's business.

8       76.   As a direct and proximate result of the acts alleged herein, Plaintiff has

9  suffered damage to its reputation and economic damages, and SSI is therefore

10  entitled to an award of compensatory damages according to proof.

11       77.   The aforementioned conduct of defendants was oppressive, fraudulent,

12  malicious, and done in conscious disregard of the rights of SSI, entitling Plaintiff to

13  an award of exemplary and punitive damages according to proof.

14                          **EIGHTH CLAIM**

15           **(Civil Conspiracy Against All Defendants)**

16       78.   Plaintiff incorporates herein by this reference each allegation of the

17  preceding paragraphs of this complaint.

18       79.   Plaintiff alleges on information and belief that Defendants agreed

19  among themselves to act, and have acted, in concert for the purpose of unfairly

20  injuring, usurping and appropriating to themselves Plaintiff's business by doing the

21  things herein alleged.

22       80.   As a result of the conspiracy among Defendants, each of them is jointly

23  and severally liable for all the injuries and wrongs alleged herein, whether or not a

24  specific defendant directly participated in the wrongful act.

25  / / /

26                        **<u>PRAYER FOR RELIEF</u>**

27     WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

28      1.   On the first claim:

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

19

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

a.   For an accounting by Defendants of all profits obtained from the sale of infringing goods, and for payment of the same to SSI;

b.   Statutory penalties under the Lanham Act for counterfeit marks used by Defendants;

c.   Money damages, including but not limited to compensation adequate to pay SSI the cost of advertising reasonably necessary to correct public confusion caused by Defendants' infringement;

d.   Attorney's fees and costs as allowed by law;

e.   Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from using the "WOLF" marks or brand name in connection with the offer, sale, distribution and/or advertising of ammunition products and related equipment; and

f.   Destruction of the infringing articles manufactured by Defendants and all labels, packaging, literature, and advertising infringing on the "WOLF" marks or brand name.

2.   On the second claim:

a.   For an accounting by Defendants of all profits obtained from the sale of infringing goods, and for payment of the same to SSI;

b.   Other and additional compensatory damages allowed by law;

c.   Statutory penalties under the Copyright Act for infringing acts after registration of the copyrighted works used by Defendants, as allowed by law and according to proof;

d.   Money damages adequate to pay SSI the cost of advertising reasonably necessary to correct public confusion caused by Defendants' infringement of the copyrighted works;

e.   Attorney's fees and costs as allowed by law;

f.   Injunctive relief restraining Defendants, their agents, servants,

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

20

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

and employees, and all persons acting under, in concert with, or for them, from using SSI's copyrighted works, or any derivatives thereof, in any way unless authorized by Plaintiff to do so; and

g. Destruction of the infringing articles manufactured, offered, sold or advertised by Defendants, including all labels, packaging, literature, and advertising copy which infringes upon or is derived from Plaintiff's copyrighted work.

3. On the third claim:

a. Compensatory damages according to proof, except as to damages solely attributable to false advertising;

b. For an accounting by Defendants of all profits derived from unfair business practices against Plaintiff, except for false advertising, and for payment of the same to SSI;

c. Statutory penalties for willful and malicious misappropriation of trade secrets;

d. Exemplary and punitive damages, except as to false advertising;

e. Attorney's fees and costs as provided by law for willful and malicious appropriation of trade secrets; and

f. Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any business practice which unfairly harms SSI, or which is likely to confuse or deceive the public with respect to SSI's business.

4. On the fourth claim:

a. Compensatory damages according to proof;

b. For an accounting by Defendants of all profits derived from misappropriation of trade secrets belonging to Plaintiff, and for

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

payment of the same to SSI;

c.  As an alternative to actual damages, for a reasonable royalty for Defendants' misappropriation of Plaintiff's trade secrets for the entire period of Defendants' wrongful use thereof;

d.  Statutory exemplary damages, together with attorney's fees and costs, as allowed by law; and

e.  Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from using or disclosing Plaintiff's trade secrets; and

f.  Other appropriate equitable relief, including the imposition of affirmative duties upon Defendants, which are reasonably necessary to protect Plaintiff's trade secrets, now and in the future.

5.  On the fifth claim:

g.  Compensatory damages according to proof;

h.  For an accounting by Defendants of all profits derived from interfering with the business relationships of Plaintiff, and for payment of the same to SSI;

i.  Exemplary and punitive damages as allowed by law; and

j.  Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from interfering with existing or prospective business relationships of Plaintiff in a manner which deprives SSI of the economic advantage of those relationships.

6.  On the sixth claim:

a.  Compensatory damages according to proof;

b.  For an accounting by Defendants of all profits derived from interfering with the business relationships of Plaintiff, and for

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

payment of the same to SSI; and

    c.    Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from interfering with existing or prospective business relationships of Plaintiff in a manner which deprives SSI of the economic advantage of those relationships.

7.    On the seventh claim:

    a.    Compensatory damages according to proof; and

    b.    Exemplary and punitive damages as allowed by law.

8.    On the eighth claim:

    a.    For judgment of joint and several liability against all Defendants for all damages and liability assessable in the first seven claims.

9.    On all claims:

    a.    For prejudgment interest according to law;

    b.    For Plaintiff's costs incurred in this action; and

    c.    For such other and further relief as the Court may deem just and proper.

Dated:  September 3, 2010    McQUEEN & ASHMAN LLP


By: _____
James A. McQueen
Attorneys for Plaintiff
Sporting Supplies International, Inc.

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby requests a trial by jury on all issues triable by jury.

3

Dated:  September **3**, 2010          McQUEEN & ASHMAN LLP

4

5

6

By: *James A. McQueen*

7

James A. McQueen
Attorneys for Plaintiff

8

Sporting Supplies International, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

24

Complaint For Trademark Infringement, Etc. And Demand For Jury Trial

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1338 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
James A. McQueen, Esq. (SBN: 117111)
McQueen & Ashman LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612
Telephone: (949) 223-9601

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTING SUPPLIES INTERNATIONAL, INC., a California corporation<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>**SACV10-1338 AG(RNBx)** |
| v.<br><br>TULAMMO USA, INC., a Texas corporation, CHARLES GRASSO, an individual, (See SUMMONS ATTACHMENT)<br><br>DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, James A. McQueen _____, whose address is McQueen & Ashman LLC, 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


Clerk, U.S. District Court

Dated: __9-7-10__

By: ___Nancy Castro___            SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1   James A. McQueen (State Bar #117111)
    jmcqueen@mcqueenashman.com
2   Sharon L. Bilbeisi (State Bar # 171994)
    sbilbeisi@mcqueenashman.com
3   McQUEEN & ASHMAN LLP
    19900 MacArthur Blvd., Suite 1150
4   Irvine, California 92612
    Telephone: (949) 223-9601
5   Facsimile: (949) 223-9611

6   Attorneys for Plaintiff

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  SPORTING SUPPLIES                 Case No.
    INTERNATIONAL, INC., a
11  California corporation,           **COMPLAINT FOR:**

12                                    **(1)   TRADEMARK INFRINGEMENT;**
                Plaintiff,
13                                    **(2)   COPYRIGHT INFRINGMENT;**
    vs.
14                                    **(3)   VIOLATION OF THE UNIFORM
    TULAMMO USA, INC., a Texas              TRADE SECRETS ACT;**
15  corporation, CHARLES GRASSO,
    an individual, TULA              **(4)   UNFAIR COMPETITION;**
16  CARTRIDGE WORKS, an open
    joint-stock company,             **(5)   INTENTIONAL
17  ULYANOVSK CARTRIDGE                    INTERFERENCE WITH
    WORKS, an open joint-stock            PROSPECTIVE ECONOMIC
18  company, EUROSPORTS, LLC, a           ADVANTAGE;**
    limited liability company, and
19  DOES 1 to 10, inclusive,         **(6)   NEGLIGENT INTERFERENCE
                                            WITH PROSPECTIVE
20              Defendants.                 ECONOMIC ADVANTAGE;**

21                                    **(7)   DEFAMATION; and**

22                                    **(8)   CIVIL CONSPIRACY**

23                                    **DEMAND FOR JURY TRIAL**

24

25         This Court has original subject matter jurisdiction over all claims pursuant to

26  28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over

27  Plaintiff's claims arising under state law under 28 U.S.C. § 1367. Plaintiff Sporting

28  Supplies International, Inc. ("Plaintiff" or "SSI") alleges, on personal knowledge as

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

1

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SPORTING SUPPLIES INTERNATIONAL, INC., a California corporation,

**DEFENDANTS**
TULAMMO USA, INC., CHARLES GRASSO, TULA CARTRIDGE WORKS, ULYANOVSK CARTRIDGE WORKS, EUROSPORTS, LLC and DOES 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
James A. McQueen (State Bar #117111)
McQueen & Ashman LLP, 19900 MacArthur Blvd., 1150, Irvine, CA 92612
Telephone: (949) 223-9601

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☑ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **SACV10-1338 AG(RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
　☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SUPPORTING SUPPLIES INTERNATIONAL, INC.  Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
　☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Tulammo USA, Inc. - Texas  Charles Grasso - Kansas  Eurosports, LLC - Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Tula Cartridge Works - Russia  Ulyanovsk Cartridge Works - Russia |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *James C McQueen*　　Date September 3, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |