James A. McQueen (State Bar #117111)
jmcqueen@mcqueenashman.com
Sharon L. Bilbeisi (State Bar # 171994)
sbilbeisi@mcqueenashman.com
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612
Telephone: (949) 223-9601
Facsimile: (949) 223-9611

Attorneys for Plaintiff
SPORTING SUPPLIES INTERNATIONAL, INC.

Note changes made by the Court.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTING SUPPLIES INTERNATIONAL, INC.,<br><br>       Plaintiff,<br><br>vs.<br><br>TULAMMO USA, INC., et al.<br><br>       Defendants.<br><hr>TULAMMO USA, INC., et al.,<br><br>       Counter-claimants,<br><br>vs.<br><br>SPORTING SUPPLIES INTERNATIONAL, INC., et al.,<br><br>       Counter-defendants. | Case No. SACV10-1338 AG(RNBx)<br><br>~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER |

1118389

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

## STIPULATION FOR [PROPOSED] PROTECTIVE ORDER

The parties stipulate to a [Proposed] Protective Order containing the following text:

WHEREAS, the parties to this action believe that in the course of this litigation certain information is likely to be disclosed and produced that constitutes trade secrets or other confidential business information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties desire to limit the extent of disclosure and use of such confidential information from unauthorized use or further disclosure and believe that entry of a Protective Order in this action is appropriate; and

WHEREAS, the Court finds that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY STIPULATED, AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order shall govern the production and/or disclosure by any party or non-party (the "Producing Party") in this action, including, without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, and responses to requests for admission (such information shall hereinafter be referred to as "Discovery Material"), and the handling of all such information produced or disclosed to any party (the "Receiving Party").

1.     This Protective Order shall apply to all information and documents, electronic documents, things, discovery responses and deposition testimony designated in good faith as constituting or containing confidential information by parties and non-parties to this litigation.  Any confidential material produced by a party or non-party in this litigation may be designated by such party or non-party as (1) "CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY" under the terms of this Protective Order.  Any Producing Party may designate any Discovery Material as "CONFIDENTIAL" ("Confidential Discovery

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

Material") under the terms of this Protective Order if such party in good faith believes that such Discovery Material contains nonpublic confidential, proprietary, commercially sensitive, or trade secret information. Any Producing Party may designate any Discovery Material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" ("Highly Confidential Discovery Material") under the terms of this Protective Order if such party in good faith believes that such Discovery Material contains information that is so highly sensitive that its disclosure to a party, an officer, director, or employee of a party or competitor would reveal significant business or financial advantages of the Producing Party, or otherwise cause harm to the legitimate privacy interests of a Producing Party.

2.      The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

        a.      In the case of Discovery Material and tangible things (excluding deposition testimony) by affixing the legend "CONFIDENTIAL" to each thing and each page containing any Confidential Discovery Material or affixing the legend "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page containing Highly Confidential Discovery Material. If a Producing Party makes documents or other tangible things available for inspection, no marking need be made by the Producing Party in advance of the inspection. For purposes of such inspection, all documents and tangible things produced shall be considered marked as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents or things for copying by the Receiving Party, the Producing Party shall mark the copies of such documents and things with the appropriate confidentiality marking at the time that the copies are produced to the Receiving Party.

        b.      In the case of deposition testimony, (i) by a statement on the record during such deposition or portion thereof that such testimony shall be treated

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

as Confidential or Highly Confidential Discovery Material, or (ii) by written notice to all parties sent by counsel within ten (10) business days after the written transcript is made available to any party.  In the foregoing instance, the court reporter shall be instructed to affix to all originals and copies of transcripts the appropriate confidentiality legends, and any copies made by a Receiving Party shall also bear such a confidentiality legend.  The parties shall treat all deposition testimony as Highly Confidential Discovery Material until ten (10) business days after receiving a copy of the transcript thereof.  After ten (10) business days, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material, and only those portions of any transcript designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be deemed Highly Confidential Discovery Material.  If deposition excerpts are needed in connection with briefing or submission of evidence to the Court during the intervening 10 court day period, the parties are expected to cooperate in good faith to permit designation or other use of the material on a shorter schedule.

3.      Discovery Material designated "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

a.      counsel of record for the parties in this litigation, members of their firms, associate attorneys, affiliated attorneys, paralegals, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this action for use in accordance with this Protective Order;

b.      the Receiving Party, but only as necessary to provide assistance in the conduct and evaluation of this litigation;

c.      outside consultants, experts, or non-technical jury or trial consulting services ("Consultants") retained by a party in this litigation;

d.      the Producing Party;

e.      the Court, court personnel and court reporters;

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

f.    outside photocopying, imaging, data base, graphics or design services retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and

g.    other persons only upon Order of the Court for good cause shown or upon written stipulation of the Producing Party.

Discovery Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to those individuals in sub-paragraph 3(a), (c), (d), (e), (f), and (g).  CONFIDENTIAL and HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY Discovery Material and information derived therefrom shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

4.    Nothing in this Order shall bar or otherwise restrict any outside counsel or in-house counsel from rendering advice to a party-client in this litigation and, in the course thereof, relying upon such attorney's examination and/or analysis of Confidential or Highly Confidential Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with such client, such counsel shall not disclose any Confidential or Highly Confidential Discovery Material to persons not authorized to receive it pursuant to the terms of this Order.

5.    Each person to be given access to Confidential or Highly Confidential Discovery Material (collectively "Material") pursuant to this Protective Order listed in sub-paragraphs 3(b), 3(c) and 3(g) shall be provided with a copy of this Protective Order and shall be advised that (a) the Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) that the violation of the terms of the Protective Order (by use of the Material in any impermissible manner) may subject the person to punishment for contempt of a Court Order.  Any such person to be

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

given access to Material must first read the Protective Order and, except for counsel of record and their law firm personnel listed in sub-paragraph 3(a), must execute, in the form attached hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order. The original Undertaking shall be retained by counsel giving access to the Material. If Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally. Pending resolution of such objections, no disclosures of Material may be made.

6. If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information is to be the subject of examination in deposition of non-party witnesses not previously entitled to access thereto under paragraph 3, the following procedures shall apply. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information shall not be provided to any such person without (a) the Producing Party's prior written consent or oral consent during a deposition on the record, or (b) order of the Court upon motion and notice. After receiving such consent, the party seeking to use the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during a deposition shall obtain an Undertaking in the form attached as Exhibit A. Neither prior consent nor an Undertaking is required if the witness is a present or former employee or consultant of the Producing Party, or if he or she wrote or received the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY" information.

7. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (is such portion is segregable)

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

8.    Entering into, agreeing to, or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

a.    operate as an admission that any particular Confidential or Highly Confidential Discovery Material produced by another party or non-party contains or reflects trade secrets, proprietary or commercially sensitive information or any type of confidential information;

b.    operate as an admission that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

c.    prejudice in any way the rights of any person to object to the production of documents they consider not subject to discovery;

d.    prejudice in any way the rights of any person to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e.    prejudice in any way the rights of a person to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Protective Order;

f.    prejudice in any way the rights of a person to petition the Court for a further protective order relating to any purportedly confidential information; and

g.    prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

[PROPOSED] STIPULATED PROTECTIVE ORDER

9.      Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independently of any proceedings in this action, or which:

        a.      was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in the action;

        b.      is or becomes publicly known by lawful means and through no fault or act of such party; or

        c.      is rightfully received by such party from a third party that has authority to provide such Confidential or Highly Confidential Discovery Material and without restriction as to disclosure.

10.     In the event additional parties join or are joined in this action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly joined party or his/her/its counsel has executed and, at the request of any party, filed with the Court an agreement to be fully bound by this Protective Order or an alternative protective Order entered by the Court.

11.     It is the present intention of the parties that the provisions of this Protective Order shall govern discovery proceedings in this Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.  No change in this Protective Order that adversely affects the protection of any information, document, or thing produced or given by a non-party in this case shall be made without giving appropriate notice to that non-party and an opportunity to be heard by the Court.  Notwithstanding the foregoing, the parties acknowledge and agree that any modification or amendment of this Protective Order pursuant to

[PROPOSED] STIPULATED PROTECTIVE ORDER

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

stipulation of the parties shall not have the force or effect of a Court order unless the Court approves such modification or amendment.

12.     The provisions of this Protective Order and this Court's jurisdiction to enforce its terms shall survive the conclusion of this action.  Within sixty (60) days after receiving notice of the entry of an Order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential or Highly Confidential Discovery Material shall return to counsel for the Producing Party such material and all copies thereof (including summaries and excerpts) or destroy all such material and copies.  Counsel shall make reasonable efforts to ensure that any Consultant it has retained abides by this provision. Counsel shall provide a certification that all Confidential or Highly Confidential Discovery Material has been returned or destroyed pursuant to this paragraph. Outside counsel of record in this action shall be entitled to retain court papers, deposition and trial transcripts, exhibits and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose any Confidential Discovery Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.  The provisions of this paragraph do not apply to documents filed or lodged with the Court, which shall be governed by the Court's record retention policies then in effect.

13.     During the pendency of this action, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any objection, move for an Order vacating the designation.  While such an application is pending, the Discovery Material or testimony in question shall be treated as it has been designated, either Confidential or Highly Confidential Discovery Material, pursuant to this Protective Order.  The provisions of this

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

Protective Order are not intended to shift the burden of establishing confidentiality, which shall at all times remain with the Producing Party. Disputes arising under this paragraph shall be governed by Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

14. If any Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by a non-party to this action, seeking Discovery Material that was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a person other than the Receiving Party, the Receiving Party shall give written notice, by hand or facsimile transmission, within five (5) business days of receipt of the subpoena, demand, or legal process to the persons who produced or designated the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to allow the Producing Party to object to its production to the extent permitted by law. Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order. The Producing Party

///
///
///
///
///
///
///
///
///
///

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

shall bear the burden and expense of seeking protection in court of its confidential material, and nothing in these provisions should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

SO STIPULATED:

Dated:  May 2, 2011          McQUEEN & ASHMAN LLP


By:/s/ James A. McQueen
    James A. McQueen
    Attorneys for Plaintiff SPORTING SUPPLIES
    INTERNATIONAL, INC.


Dated: May 2, 2011          MORRISON & FOERSTER LLP


By: /s/Benjamin J. Fox
    Benjamin J. Fox
    Attorneys for Defendants and Counter-
    Claimants
    TULAMMO USA, INC. and EUROSPORTS,
    LLC and Defendant CHARLES GRASSO

IT IS SO ORDERED.

SIGNED this 5th day of May, 2011.

_____
Honorable Robert N. Block
United States Magistrate Judge

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTING SUPPLIES INTERNATIONAL, INC., a California corporation, | Case No.  SACV10-1338 AG (RNBx) |
| Plaintiff, | UNDERTAKING RE STIPULATED PROTECTIVE ORDER |
| vs. | |
| TULAMMO USA, INC., a Texas corporation, CHARLES GRASSO, an individual, TULA CARTRIDGE WORKS, an open joint-stock company, ULYANOVSK CARTRIDGE WORKS, an open joint-stock company, EUROSPORTS, LLC, a limited liability company, and DOES 1 to 10, inclusive, | |
| Defendants. | |
| TULAMMO USA, INC., et al., | |
| Counter-claimants, | |
| vs. | |
| SPORTING SUPPLIES INTERNATIONAL, INC., et al., | |
| Counter-defendants. | |

## UNDERTAKING

The undersigned hereby acknowledges that he or she has read the Protective Order Governing The Protection And Exchange of Confidential Material in the above-captioned action, entered on _____, 2011; that he or she understands the terms thereof, that he or she agrees to be bound by its terms; and

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

that he or she consents to the jurisdiction of the United States District Court for the Central District of California in all matters concerning the Protective Order and this Undertaking.

DATE: _____, 2011

_____
Signature

Print Name and Address:

Employer or Business Affiliation.

McQueen & Ashman LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612