CHARLES E. PATTERSON (CA SBN 120081)
SHELLA L. SADOVNIK (CA SBN 267551)
BENJAMIN J. FOX (CA SBN 193374)
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454
CPatterson@mofo.com; BFox@mofo.com
SSadovnik@mofo.com

Attorneys for Defendants and Counterclaimants
TULAMMO USA, INC. and EUROSPORTS, LLC and
Defendant CHARLES E. GRASSO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTING SUPPLIES INTERNATIONAL, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TULAMMO USA, INC., a Texas Corporation, CHARLES GRASSO, an individual, TULA CARTRIDGE WORKS, an open joint-stock company, ULYANOVSK CARTRIDGE WORKS, an open joint-stock company, EUROSPORTS, LLC, a limited liability company, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. SACV10-1338 AG (RNBx)<br><br>**STIPULATION AND [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Magistrate Judge Robert N. Block<br><br>Discovery Cutoff: February 6, 2012<br><br>Pretrial Conference: August 6, 2012<br><br>Trial Date: September 14, 2012 |
| TULAMMO USA, INC., a Texas Corporation and EUROSPORTS, LLC, a limited liability company,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>SPORTING SUPPLIES INTERNATIONAL, INC., a California corporation, and DOES 1-10,<br><br>　　　　Counterdefendants. | |

The parties hereby stipulate and agree pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Supplemental Protective Order shall govern the production and/or disclosure by any party or non-party (the "Producing Party") in this action, including, without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and testimony (such information shall hereinafter be referred to as "Discovery Material") and the handling of all such information produced or disclosed to any party (the "Receiving Party").

1. This Supplemental Protective Order incorporates by reference all of the terms and conditions of the Protective Order dated May 5, 2011 (Dkt. 51) and does not alter any such terms and conditions except to the extent expressly stated herein.

2. "Export Controlled Information" shall mean Discovery Material that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. § 730 *et seq.*, and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. § 120 *et seq.* Such Discovery Material may be dual use commodities, technology, software, or defense articles.

3. A party producing Discovery Material it believes includes Export Controlled Information shall produce copies bearing a legend that includes the following text: "EXPORT CONTROLLED INFORMATION."

4. No party shall transport or cause to be transported Discovery Material marked as EXPORT CONTROLLED INFORMATION outside of United States territory. Moreover, a party shall disclose such Discovery Material only to U.S. Persons as defined by 22 C.F.R. § 120.15, and shall not otherwise export such Discovery Material in violation of EAR or ITAR. The text of 22 C.F.R. §§ 120.15 and 120.16 are attached hereto as Exhibit B.

4. Before disclosing or transferring any Discovery Material marked as EXPORT CONTROLLED INFORMATION to any person, counsel for the receiving party shall obtain from such person an undertaking in the form attached

2

1  hereto as Exhibit A.  Counsel for the receiving party shall maintain all such
2  executed undertakings until two years after either a final, non-appealable order
3  dismissing all claims and counterclaims in this action, or after the receiving party
4  destroys, and certifies to the destruction of, all confidential information it has
5  received from the disclosing party.  Counsel for the receiving party shall make
6  available copies of such executed undertakings if so requested by the producing
7  party and if good cause exists for such a request.

SO STIPULATED:

Dated:  November 30, 2011        McQUEEN & ASHMAN LLP


                                 By: /s/James A. McQueen
                                     James A. McQueen
                                     Attorneys for Plaintiff SPORTING SUPPLIES
                                     INTERNATIONAL, INC.

Dated:  November 22, 2011        MORRISON & FOERSTER LLP


                                 By: /s/Shella Sadovnik
                                     Shella Sadovnik
                                     Attorneys for Defendants and Counter-
                                       Claimants
                                     TULAMMO USA, INC. and EUROSPORTS,
                                     LLC and Defendant C HARLES GRASSO


SO ORDERED:

Dated:  December 01, 2011                    _____
                                             Hon. Robert N. Block
                                             United States Magistrate Judge

# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTING SUPPLIES INTERNATIONAL, INC., a California corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>TULAMMO USA, INC., a Texas Corporation, CHARLES GRASSO, an individual, TULA CARTRIDGE WORKS, an open joint-stock company, ULYANOVSK CARTRIDGE WORKS, an open joint-stock company, EUROSPORTS, LLC, a limited liability company, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. SACV10-1338 AG (RNBx)<br><br>**UNDERTAKING IN SUPPORT OF STIPULATION FOR SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Date: _____, 2011<br>Time: _____ a.m.<br>Ctrm.:<br><br>Magistrate Judge Robert N. Block<br><br>Discovery Cutoff: February 6, 2012<br>Pretrial Conference: August 6, 2012<br>Trial Date: September 14, 2012 |
| TULAMMO USA, INC., a Texas Corporation and EUROSPORTS, LLC, a limited liability company,<br><br>   Counterclaimants,<br><br>  v.<br><br>SPORTING SUPPLIES INTERNATIONAL, INC., a California corporation, and DOES 1-10,<br><br>   Counterdefendants. | |

## **UNDERTAKING**

My name is _____. I am a U.S. Person as defined by 22 C.F.R. § 120.15. I hereby acknowledge that I have been provided with a copy of, have read, and am fully familiar with, the terms of the Protective Order for Confidential Information entered in this action on May 5, 2011 ("Protective

Order"), and the Supplemental Protective Order entered in this action on _____, 2011 ("Supplemental Protective Order"). I agree to be bound by, and to comply fully with, the terms of the Protective Order and the Supplemental Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California in connection with the enforcement of the Supplemental Protective Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2011.

DATE: _____, 2011

_____
Signature

Print Name and Address:

Employer or Business Affiliation.